| Rev. 4/18 | UNITED STATES COURT OF APPEALS<br>FOR THE ELEVENTH CIRCUIT<br>**CIVIL APPEAL STATEMENT** |
|---|---|

*Please TYPE.  Attach additional pages if necessary.*     11th Circuit Docket Number: 25-10829

| Caption:<br><br>G.W.<br><br>v.<br><br>Northbrook Industries, Inc. | District and Division: Northern District of Georgia / Atlanta Division<br>Name of Judge: J.P. Boulee<br>Nature of Suit: Tort (negligence) and 18 U.S.C. 1595(a)<br>Date Complaint Filed: 12/28/20<br>District Court Docket Number: 1:20-cv-05232-JPB<br>Date Notice of Appeal Filed: 3/7/25<br>☐ Cross Appeal  ☐ Class Action<br>Has this matter previously been before this court?<br>☐ Yes  ☑ No<br>If Yes, provide<br>(a)    Caption: _____<br>(b)    Citation: _____<br>(c)    Docket Number: _____ |
|---|---|

|  | Attorney Name | Mailing Address | Telephone, Fax, Email |
|---|---|---|---|
| For Appellant:<br>☑ Plaintiff<br>☐ Defendant<br>☐ Other (Specify) | David Bouchard | Finch McCranie, LLP<br>229 Peachtree St., NE<br>Suite 2500<br>Atlanta, GA 30303 | 404-658-9070 - Office<br>404-688-0649 - Fax<br>david@finchmccranie.com |
| For Appellee:<br>☐ Plaintiff<br>☑ Defendant<br>☐ Other (Specify) | Cameron Mobley | Lewis Brisbois<br>Bisgaard & Smith LLP<br>Bank of America Plaza<br>600 Peachtree St., NE<br>#4700, ATL,GA 30308 | 404-348-8585 - Office<br>404-467-8845 - Fax<br>cameron.mobley@lewisbrisbois.com |

*Please CIRCLE/CHECK/COMPLETE the items below and on page 2 that apply.*

| Jurisdiction | Nature of Judgment | Type of Order | Relief |
|---|---|---|---|
| ☑ Federal Question<br>☐ Diversity<br>☐ US Plaintiff<br>☐ US Defendant | ☑ Final Judgment, 28 USC 1291<br>☐ Interlocutory Order, 28 USC 1292(a)(1)<br>☐ Interlocutory Order Certified, 28 USC 1292(b)<br>☐ Interlocutory Order, Qualified Immunity<br>☐ Final Agency Action (Review)<br>☐ 54(b) | ☐ Dismissal/Jurisdiction<br>☐ Default Judgment<br>☑ Summary Judgment<br>☐ Judgment/Bench Trial<br>☐ Judgment/Jury Verdict<br>☐ Judgment/Directed Verdict/NOV<br>☐ Injunction<br>☐ Other _____ | Amount Sought by Plaintiff:<br>$ to be determined by a jury<br>Amount Sought by Defendant:<br>$_____<br>Awarded:<br>$_____<br>to _____<br>Injunctions:<br>☐ TRO<br>☐ Preliminary   ☐ Granted<br>☐ Permanent    ☐ Denied |

Page 2                                                                                        11th Circuit Docket Number: 25-10829

Based on your present knowledge:

(1) Does this appeal involve a question of First Impression?  ☑ Yes  ☐ No
    What is the issue you claim is one of First Impression? elements of the civil beneficiary provision of Trafficking Victims Protection Reauthorization Act

(2) Will the determination of this appeal turn on the interpretation or application of a particular case or statute?  ☑ Yes  ☐ No

    If Yes, provide
    (a) Case Name/Statute Trafficking Victims Protection Reauthorization Act; Doe #1 v. Red Roof Inns, Inc.
    (b) Citation 18 U.S.C. 1595(a); 21 F.4th 714 (11th Cir. 2021)
    (c) Docket Number if unreported _____

(3) Is there any case now pending or about to be brought before this court or any other court or administrative agency that
    (a) Arises from substantially the same case or controversy as this appeal?  ☑ Yes  ☐ No
    (b) Involves an issue that is substantially the same, similar, or related to an issue in this appeal?  ☑ Yes  ☐ No

    If Yes, provide
    (a) Case Name A.G. v. Northbrook Industries, Inc.; C.B. v. Naseeb Investments, Inc.
    (b) Citation 25-10816; 24-13294
    (c) Docket Number if unreported _____
    (d) Court or Agency Eleventh Circuit

(4) Will this appeal involve a conflict of law
    (a) Within the Eleventh Circuit?  ☐ Yes  ☑ No
    (b) Among circuits?  ☑ Yes  ☐ No

    If Yes, explain briefly:

    Please see attachment

(5) Issues proposed to be raised on appeal, including jurisdictional challenges:

    The district court erred in granting summary judgment in favor of Appellee-Defendant on element two (participation) of Appellant-Plaintiff's civil-beneficiary TVPRA claim.

    The district court erred in granting summary judgment in favor of Appellee-Defendant on Appellant-Plaintiff's negligence claim under Georgia law.

I CERTIFY THAT I SERVED THIS CIVIL APPEAL STATEMENT ON THE CLERK OF THE U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT AND SERVED A COPY ON EACH PARTY OR THEIR COUNSEL OF RECORD, THIS 28th DAY OF March, 2025.

David H. Bouchard                                        /s/ David H. Bouchard
NAME OF COUNSEL (Print)                                  SIGNATURE OF COUNSEL

**Question 4(b): Circuit Split**

The district court held that, in order for a hotel to be held liable under the TVPRA beneficiary provision, there must be direct evidence that the hotel directly participated in sex trafficking through aiding and abetting the traffickers.  Doc. 148 at 7-17.  The Seventh Circuit, however, has held that the TVPRA's text does not require proof that a defendant directly participated in sex trafficking through aiding and abetting traffickers.  *See G.G. v. Salesforce.com, Inc.*, 76 F.4th 544, 559-563 (7th Cir. 2023).  And the First Circuit has held that circumstantial evidence is sufficient to create a reasonable inference of violation of the TVPRA.  *See Ricchio v. McLean*, 853 F.3d 553, 557 (1st Cir. 2017).  The district court's holding in this case is in conflict with the Seventh Circuit's and First Circuit's holdings, and if affirmed, the Eleventh Circuit will be in conflict with those circuits.